UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BEAMER and THOMAS BURKE, *as Trustees of the IBEW Local No. 812 Annuity Plan and IBEW Local No. 812 Health and Welfare Fund*, | : : : : : |
| Plaintiffs | : CIVIL NO. 1:15-CV-01855 |
| v. | : |
| PRECISION INSTALLATIONS, INC., | : |
| Defendant | : |

*M E M O R A N D U M*

Pending before the Court is Plaintiffs' motion (Doc. 7) for default judgment, filed under Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1] By way of background, Plaintiffs initiated this lawsuit on September 24, 2015, by filing a two-count complaint, in which it is claimed that Defendant violated Section 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and breached a collective-bargaining agreement. (Doc. 1).

More precisely, Plaintiffs allege that Defendant is a party to a multi-employer collective bargaining agreement (the "Agreement") that required Defendant to make monthly contributions to the IBEW Local No. 812 Annuity Plan and Health and Welfare Fund (collectively the "Funds"). (Id. at ¶¶ 10-12). In the event that the monthly contributions were not timely and fully paid, the Agreement also required Defendant to pay liquidated damages in the amount of 10% of the delinquent amount, interest at the rate of 1.5% of the delinquent amount per month, litigation costs, and attorney's fees. (Id. at ¶ 12(c)). Plaintiffs aver that Defendant did not make timely and full, monthly contributions to the Funds from January to

---

[1] Rule 55(b)(2) speaks in terms of "applications;" nonetheless, the term "motion" is a reasonable substitute.

September 2015, and, therefore, the Funds are entitled to such contributions plus liquidated damages, interest, litigation costs, and attorney's fees. (Id. at ¶¶ 14-21).

According to the information on the Court's Docket, on October 6, 2015, Defendant was properly served with pertinent documents. (Doc. 4). On November 2, 2015, when Defendant had not appeared or responded to the Complaint, Plaintiffs requested entry of default, (Doc. 5), and, on November 3, 2015, default was entered. (Doc. 6). Subsequently, on November 10, 2015, Plaintiffs filed the pending motion. In said motion, Plaintiffs seek default judgment against Defendant and provide that the amount owed is as follows: (1) $8,532.05, representing liquidated damages and interest owed on delinquent contributions to the Funds from January to September 2015; (2) $1,666.25 for attorney's fees; and (3) $587.50 for litigation costs. (See Doc. 8 at 7; Doc. 7-3 at ¶¶ 2-4). In support of their position, Plaintiffs have also filed a brief in support, affidavits, and exhibits. (See Docs. 7, 7-1, 7-2, & 8). To date, Defendant has not appeared, answered, moved, or otherwise responded to the complaint or the pending motion.[2]

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed.R.Civ.P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to render default judgment rests in the discretion of a district court. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, a district court must consider:

---

[2] Curiously, since the filing of this lawsuit, Defendant has paid the delinquent contributions from January to September 2015. (Doc. 7-1 at ¶ 3). This explains why Plaintiffs no longer seeks those contributions as damages. (Cf., e.g., Doc. 1 at p. 5, ¶¶ (a), (b)).

2

(1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See, e.g., *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Here, Defendant has not asserted any defense either by answering the allegations in the complaint or by opposing the pending motion. In addition, we can find no reason or excuse for Defendant's default. What's more, Defendant must be aware of this lawsuit given that it has since paid the delinquent contributions apparently owed to the Funds, after service was completed. (See also, Doc. 7-2 at 8-9). Yet, again, Defendant has taken no known course of action in this litigation. On that same note, although Defendant has since paid its delinquent contributions, Defendant's delinquency, continuing for a consecutive nine month-period, likely resulted in some level of harm to the Funds, such that prejudice would result if default judgment was not entered. Moreover, it is not lost on us that entry of default judgment is typically appropriate in these circumstances, where Defendant has not even appeared, at least until it does appear and also comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). In short, default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show a violation of ERISA, 29 U.S.C. § 1145, see, e.g., *Local Union No. 98 Intern. Broth. of Elec. Workers v. LP Herman Co.*, No. 15-815, 2015 WL 4273375, at *4- *6 (E.D. Pa. July 14, 2015), and a breach of the collective-bargaining agreement from January to September 2015.

Last, pursuant to Section 502 of ERISA, see 29 U.S.C. §§ 1132(a)(3) & (g)(2), and the terms of the collective-bargaining agreement, in addition to the record evidence supplied by Plaintiffs, there is sufficient support for the damages claim and that the categories of damages are properly recoverable. Similarly, we find that Plaintiffs have submitted adequate support to demonstrate their request for costs and attorney's fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Tomasko v. Ira H. Weinstock, P.C.*, 357 F. App'x 472, 475-76 (3d Cir. 2009)(citations omitted).

In conclusion, default judgment will be entered against Defendant. Plaintiffs will also be awarded (1) $8,532.05 in liquidated damages and interest for the delinquent contributions to the Funds from January to September 2015; (2) $1,666.25 for attorney's fees; and (3) $587.50 for litigation costs. These three awards total $10,785.80. An appropriate Order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date Filed: December 3, 2015